**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.A. CITRIQUE BELGE N.V, <br><br> **Plaintiff,** <br><br> v. <br><br> NORTHEAST CHEMICALS, INC. <br><br> **Defendants.** | CIVIL ACTION NO. 3:12-cv-05408 (PGS) <br><br> **AMENDED** <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff, S.A. Citrique Belge N.V.'s motion for summary judgment. After a review of the submission by the parties, this court finds that there are genuine issues of material fact, and as such, summary judgment is denied.

I.

Defendant Northeast Chemicals, Inc. ("NEC") agreed to purchase citric acid from Plaintiff S.A. Citrique Belge N.V. ("CB") for $653,809.00. Thereafter, NEC failed to pay CB the amount owed, allegedly because of its untimely delivery, and unforeseen costs incurred by NEC to remedy the non-conforming ("hard-caked") citric acid. Subsequently, on June 15, 2012, CB and NEC entered into a settlement agreement. As part of the settlement agreement, NEC agreed to pay substantially less ($503,809.00) for the citric acid by July 31, 2012. The settlement agreement contained a comprehensive release by NEC stating that the settlement amount was in satisfaction of all debts and obligations in the past or in the future of any kind including the NEC

debt. In pertinent part of the settlement agreement, the release provision provides that CB and NEC release each other:

> from any and all claims, demands, debts, dues, liens, causes of action at law or in equity, whether statutory, in contract, or in tort, or otherwise which [the parties] had, now has, or which may hereafter accrue to it. . . . It is the intention of [the parties] that the foregoing release shall be as general as possible and that the same shall cover every conceivable contingency which might arise in the future, or which may have arisen in the past, whether known or unknown at this time. . . . This release shall be and remain in effect notwithstanding the discovery or existence of any new or additional fact or any fact different from that which [the parties] now know[] or believes to be true.

In this lawsuit, CB seeks enforcement of the settlement agreement, plus interest and late fees because NEC failed to pay the settlement amount on July 31, 2012. NEC does not dispute that they entered into such an agreement and failed to pay, but alleges that CB misrepresented fundamental material facts to them. That is, CB falsely represented to NEC that the citric acid was of suitable food and pharmaceutical grade, and manufactured at a facility that had been approved by the U.S. Food and Drug Administration (FDA), when it was not.

Contrary to NE's position, CB asserts that NEC's alleged fraud is bogus. That is, that the citric acid shipped was in fact from an FDA approved facility. (see "certificate of registration" dated November 29, 2012, and two letters from a customer relations manager dated March 30, 2012 and December 6, 2012). According to NEC, the letters and certificate do not resolve their fraud issue because the certificate of registration is dated November 29, 2012, and it does not relate back to the date of sale. Hence, one cannot determine if the facility was approved on or before said date of sale.

II

The issue before the court is whether summary judgment should be granted in favor of CB. Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact, and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest upon mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and

pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); see also Fed. R. Civ. P. 56(e) (requiring the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007).

### III

Generally, a settlement agreement is considered a contract, and thus governed by the basic principles of contract law. See, e.g., *Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483 (3d Cir. 2006). The settlement agreement at issue provides that it will be "construed and interpreted according the laws of the State of New Jersey." Generally, New Jersey case law provides that a party who affixes his signature to a written instrument, such as a release, has read, understood and assented to its terms. *Peter W. Kero Inc. v. Terminal Construction Corp.*, 6 N.J. 361, 368 (1951); see also *Van Houten Service, Inc. v. Shell Oil Co.*, 417 F. Supp. 523, 527 (D.N.J. 1975). However, an exception to this presumption arises, where allegations of fraud and misrepresentation are present. *Van Houten*, 417 F. Supp. at 527. In such an instance, the contract is voidable and the victim may rescind the contract. *Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 568 fn. 8 (D.N.J.1997); see also *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 136 (2003).

Common-law fraud consists of five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. 1997) (citing *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 624-25 (1981)).

CB's argument that the comprehensive terms of the release preclude all claims in this law suit is unpersuasive. While a presumption exists that the settlement agreement is valid, it may be refuted by allegations of fraud. At this early stage of litigation, and before discovery has been completed, the Court finds NEC has raised a sufficient issue of material fact regarding fraud. Further, CB does not counter NEC's claim of misrepresentation, rather CB alleges the claims have no legal significance due to the breadth of the Release. The Court finds otherwise, and discovery should move forward.

Furthermore, CB argues that there is no dispute as to the material facts because it has been "registered with the FDA for years," and therefore did not commit any misrepresentation about its FDA approval. However, the document submitted by CB as proof of its FDA approval was dated November 29, 2012, i.e., after the parties entered into the settlement agreement. Proof of FDA approval after the date of the settlement agreement does not change the fact that there is a question of material fact as to whether CB had an FDA approved facility at the time of production. In addition, the two letters submitted by CB as proof of its FDA approval are unpersuasive since the letters are not certificates of registration, but company letters addressed "to whom it may concern" stating that CB is FDA approved.

The Court finds that there are genuine issues of material fact that need to be explored through the discovery process, therefore at this time, summary judgment is denied[1].

## ORDER

IT IS on this 25th day of June, 2013;

ORDERED that Plaintiff's motion for Summary Judgment (ECF No. 11) is denied without prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[1] Although the Court has discretion to excuse the defects in filing requirements and rule on the merits, CB contends otherwise. The Court finds that it is too early in the process to dismiss the litigation without proper discovery of the facts. See SBW, Inc. v. Ernest Bock & Sons, Inc., 2009 U.S. Dist. LEXIS 83389, n.1 (D.N.J. Sept. 14, 2009) (a court may excuse issues of form where the requirements as to the substance of the statement are met).